IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| DONALD ROGER BURR,<br>Petitioner, | §<br>§<br>§ | |
| v. | § | CIVIL ACTION NO. 4:12-CV-605-Y |
| | § | |
| RICK THALER, Director,<br>Texas Department of Criminal Justice,<br>Correctional Institutions Division,<br>Respondent. | §<br>§<br>§<br>§ | |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE
### AND NOTICE AND ORDER

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions, and Recommendation of the United States Magistrate Judge are as follows:

### I. FINDINGS AND CONCLUSIONS

#### A. NATURE OF THE CASE

This is a petition for writ of habeas corpus by a state prisoner under 28 U.S.C. § 2254.

#### B. PARTIES

Petitioner Donald Roger Burr is a former state prisoner currently residing in Mount Croghan, South Carolina.

Respondent Rick Thaler is the Director of Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ).

## C. FACTUAL AND PROCEDURAL HISTORY

On January 25, 2000, pursuant to a plea agreement, petitioner pleaded guilty to one count of aggravated sexual assault of a child younger than 14 years of age in Tarrant County, Texas, Case No. 0674732D, and the trial court sentenced him to five years' imprisonment. (State Habeas R. at 19-25)[1] The written admonishments including an admonishment that petitioner would be required to meet the sex offender registration requirements of Texas's sex offender registration program upon his release. (*Id.* at 21) Petitioner fully discharged his five-year sentence on November 26, 2003, and was unconditionally released from custody. (Resp't MTD, Ex. A) At the time of his release, petitioner was given written notice that he had a lifetime duty to register as a sex offender annually on his birth date in Texas. (Pet., Ex. A) Some time after his release, petitioner moved back to his home state of South Carolina, where he is required to register every three months and pay annual fees under South Carolina's sex offender registration program.

In this petition, petitioner claims that he was entitled to an admonishment or notice during the 2000 plea proceedings that the sex offender registration requirements could change from state to state, that the absence of such admonishment or notice nullifies his plea agreement and renders his guilty plea involuntary, and that his rights under the Ex Post Facto Clause are being violated as a result of the more onerous registration requirements in South Carolina. (Pet. at 5-6 & Mem. at 2-5) He requests the sex offender registration requirement "be dismissed" or permission to withdraw his guilty plea. (Pet'r Mem. at 5) Petitioner raised his claims in a state habeas application, which was

---

[1]"State Habeas R." refers to the record of petitioner's state habeas application no. WR-43,919-12.

2

dismissed by the Texas Court of Criminal Appeals as successive under article 11.07, § 4 of the Texas Code of Criminal Procedure.

### D. SUBJECT MATTER JURISDICTION

Respondent moves to dismiss the petition for lack of jurisdiction because petitioner is no longer serving his sentence for the underlying criminal conviction. (Resp't MTD at 1-5) Generally, for this court to have subject matter jurisdiction over a claim under § 2254, the petitioner must be "in custody" pursuant to the underlying conviction the subject of the proceeding. *See* 28 U.S.C. § 2254(a); *Lackawanna County Dist. Attorney v. Coss*, 532 U.S. 394, 394 (2001); *Maleng v. Cook*, 490 U.S. 488, 492 (1989). Petitioner's sentence for the underlying conviction fully expired on November 26, 2003, before the instant petition was filed. Thus, petitioner was not "in custody" for purposes of § 2254. Petitioner's registration obligations imposed by this state or the State of South Carolina do not place him "in custody" for purposes of habeas jurisdiction. *See Tello v. Thaler*, No. 3:12-CV-3716-L, 2012 WL 4932172, at *2 (N.D.Tex. Sept. 14, 2012), *adopted*; 2012 WL 4930085 (N.D.Tex. Oct. 17, 2012); *Cramer v. Quarterman*, No. 4:06-CV-201-A, 2006 WL 2252714, at *2 (N.D.Tex. Aug. 4, 2006). *See also Wilson v. Flaherty*, 689 F.3d 332, 336-38 (4th Cir. 2012) (sex offender registration requirements do not satisfy the "in custody" requirement for purposes of federal habeas relief); *Virsnieks v. Smith*, 521 F.3d 707, 718-20 (7th Cir.), *cert. denied*, 555 U.S. 868 (2008) (same); *Leslie v. Randle*, 296 F.3d 518, 521-23 (6th Cir. 2002) (same); *McNab v. Kok*, 170 F.3d 1246, 1247 (9th Cir. 1999) (same); *Henry v. Lungren*, 164 F.3d 1240, 1241-42 (9th Cir.), *cert. denied*, 528 U.S. 963 (1999) (same); *Williamson v. Gregoire*, 151 F.3d 1180, 1184-85 (9th Cir. 1998), *cert. denied*, 525 U.S. 1081 (1999) (same). The court has no jurisdiction to entertain the petition.

## II. RECOMMENDATION

Respondent's motion to dismiss should be granted, and petitioner's petition for writ of habeas corpus be dismissed for lack of jurisdiction.

### III. NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The court is extending the deadline within which to file specific written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation until December 24, 2012. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

### IV. ORDER

Under 28 U.S.C. § 636, it is ordered that each party is granted until December 24, 2012, to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation. It is further ordered that if objections are filed and the opposing

party chooses to file a response, a response shall be filed within seven (7) days of the filing date of the objections.

It is further ordered that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions, and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED December __3__, 2012.

_____
JEFFREY L. CURETON
UNITED STATES MAGISTRATE JUDGE