```
          IN THE UNITED STATES DISTRICT COURT
          FOR THE NORTHERN DISTRICT OF TEXAS
                  FORT WORTH DIVISION
```

```
DONALD ROGER BURR,              §
                                §
VS.                             §   CIVIL ACTION NO.4:12-CV-605-Y
                                §
RICK THALER,                    §
Director, T.D.C.J.              §
Correctional Institutions Div.  §
```

### ORDER ADOPTING MAGISTRATE JUDGE'S FINDINGS AND CONCLUSIONS AND ORDER DENYING CERTIFICATE OF APPEALABILITY

In this action brought by petitioner Donald Roger Burr under 28 U.S.C. § 2254, the Court has made an independent review of the following matters:

1. The pleadings and record;

2. The proposed findings, conclusions, and recommendation of the United States magistrate judge filed on December 3, 2012; and

3. The petitioner's written objections to the proposed findings, conclusions, and recommendation of the United States magistrate judge filed on December 31, 2012.[1]

The Court, after **de novo** review, concludes that the Petitioner's objections must be overruled, that the respondent's motion to dismiss should be granted, and that the petition for writ of habeas corpus must be dismissed for lack of jurisdiction, for the reasons stated in the magistrate judge's findings and conclusions.

Therefore, the findings, conclusions and recommendation of the magistrate judge are ADOPTED.

Respondent's motion to dismiss (doc. 8) is GRANTED such that the petition will be dismissed for lack of subject matter jurisdiction.[2]

---

[1] The written objections appear to have been placed in the prison mail system on the date provided to file written objections, December 24, 2012.

[2] The Court therefore does not reach the alternative argument in the motion to dismiss that the Court lacks personal jurisdiction over the Respondent.

Donald Roger Burr's petition for writ of habeas corpus under 28 U.S.C. § 2254 is DISMISSED WITH PREJUDICE for lack of jurisdiction.

*Certificate of Appealability*

Federal Rule of Appellate Procedure 22 provides that an appeal may not proceed unless a certificate of appealability (COA) is issued under 28 U.S.C. § 2253.[3] Rule 11 of the Rules Governing Section 2254 Proceedings now requires that the Court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."[4] The COA may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."[5] A petitioner satisfies this standard by showing "that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists of reason could conclude the issues presented are adequate to deserve encouragement to proceed further."[6]

Upon review and consideration of the record in the above-referenced case as to whether petitioner Burr has made a showing that reasonable jurists would question this Court's rulings, the Court determines he has not and that a certificate of appealability should not issue for the reasons stated in the December 3, 2012

---

[3] *See* FED. R. APP. P. 22(b).

[4] RULES GOVERNING SECTION 2254 PROCEEDINGS IN THE UNITED STATES DISTRICT COURTS, RULE 11(a) (December 1, 2009).

[5] 28 U.S.C.A. § 2253(c)(2)(West 2006).

[6] *Miller-El v. Cockrell,* 537 U.S. 322, 326 (2003)(citing *Slack v. McDaniel,* 529 U.S. 473, 484 (2000)).

Findings, Conclusions, and Recommendation of the United States Magistrate Judge.[7]

Therefore, a certificate of appealability should not issue.

SIGNED January 7, 2013.

*Terry R. Means*
TERRY R. MEANS
UNITED STATES DISTRICT JUDGE

---

[7] *See* Fed. R. App. P. 22(b); *see also* 28 U.S.C.A. § 2253(c)(2)(West 2006).